# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10237

United States Court of Appeals
Fifth Circuit

**FILED**

January 11, 2016

Lyle W. Cayce
Clerk

H. WAYNE MEACHUM,

      Plaintiff - Appellant

v.

THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., formerly known as The Bank of New York Trust Company NA,

      Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-2322

Before PRADO, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

H. Wayne Meachum appeals the district court's denial of his motion for summary judgment and the granting of summary judgment in favor of Bank of New York Mellon Trust Company, N.A. (the "Bank"). The issue on appeal is whether the district court erred in determining that the Bank abandoned the prior acceleration of a home equity loan by requesting payment for less than the full amount of the loan. For the reasons that follow, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10237

## I. Background

In 2004, Meachum refinanced his mortgage with a home equity loan and executed a promissory note with Homecomings Financial Network, Inc. ("Homecomings"). He also executed a deed of trust securing the note, naming Mortgage Electronic Registration Systems, Inc. ("MERS") as the original beneficiary and nominee for Homecomings. MERS assigned the note and deed of trust to JPMorgan Chase Bank ("JPMorgan"). Both the note and the deed of trust contained an acceleration clause.

Meachum defaulted on the loan and has not made a payment on it since November of 2005. On November 17, 2005, JPMorgan sent Meachum a notice of default and intent to accelerate. JPMorgan then accelerated the loan on January 17, 2006 (the "2006 acceleration"). The following May, JPMorgan initiated an expedited foreclosure proceeding pursuant to Rule 736 of the Texas Rules of Civil Procedure in Texas state court. The court granted the order in September of 2006 (the "2006 non-judicial foreclosure order"). The order stated that JPMorgan or its successors "shall be allowed to proceed with foreclosure." Meachum then filed a lawsuit in state court attempting to prevent foreclosure of his property, which was dismissed in November of 2007. After a series of unsuccessful post-judgment filings and appeals, the lawsuit finally ended in January of 2012.

During the pendency of the appeals process, JPMorgan and its successor, the Bank, initiated other actions in an attempt to enforce the note and deed of trust. On May 1, 2008, Meachum was sent a second notice of default for an amount less than the full balance of the loan (the "2008 notice of default"). The Bank then filed a Rule 736 application for foreclosure in state court on December 19, 2008. Meachum attempted to prevent foreclosure by filing another lawsuit on May 12, 2009, which was eventually dismissed for want of prosecution.

A similar pattern continued over the next few years until the Bank filed another Rule 736 application on March 18, 2013, in an attempt to foreclose on the property.  Meachum responded by filing this suit in state court to prevent a foreclosure sale on May 28, 2013, and the Bank removed the suit to federal court on the basis of diversity jurisdiction.  Meachum's amended complaint claimed, among other things, that because the Bank's predecessor in interest initially accelerated the loan more than four years prior in January of 2006, the statute of limitations barred the Bank from foreclosing on the property.  Meachum and the Bank filed cross-motions for summary judgment.  The district court denied Meachum's motion for summary judgment and granted summary judgment in favor of the Bank.  It held that the 2008 notice of default sent to Meachum for an amount less than the full balance of the loan represented an abandonment of the 2006 acceleration, and thus the Bank's right to foreclose was not barred by the statute of limitations.  Meachum timely appealed.

## II. Standard of Review

We review a district court's grant of summary judgment de novo.  *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 635 (5th Cir. 2002).  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).

## III. Discussion

Meachum argues that the district court erred when it held that the 2008 notice of default represented an abandonment of the 2006 acceleration of the loan.  Thus, Meachum claims, the date of accrual began at the time of the 2006 acceleration, making the Bank's attempt to foreclose in 2013 barred by the statute of limitations.  Meachum's argument fails.  Under § 16.035(a) of the Texas Civil Practice and Remedies Code, a lender "must bring suit for . . . the

foreclosure of a real property lien not later than four years after the day the cause of action accrues." If a note or deed of trust secured by real property has an acceleration clause, the cause of action accrues "when the holder actually exercises its option to accelerate.*" Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). A lender can abandon its earlier acceleration by "requesting payment on less than the full amount of the loan." *Boren v. U.S. Nat'l Bank Ass'n*, No. 14-20718, 807 F.3d 99, 2015 WL 6445721, at *4 (5th Cir. Oct. 26, 2015) (quoting *Leonard v. Ocwen Loan Serv., L.L.C.*, 616 F. App'x 677, 680 (5th Cir. 2015)). "'Abandonment of acceleration has the effect of restoring the contract to its original condition,' thereby 'restoring the note's original maturity date' for purposes of accrual." *Id.* at *3 (quoting *Khan v. GBAK Props.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.)). Here, the 2008 notice of default sent to Meachum "request[ed] payment on less than the full amount of the loan" and thus represented an abandonment of the 2006 acceleration. *See Boren*, 2015 WL 6445721, at *4 (quoting *Leonard*, 616 F. App'x at 680). Thus, under *Boren*, the 2008 notice of default had the effect of "'restoring the note's original maturity date' for purposes of accrual." *Id.* at *3 (quoting *Khan*, 371 S.W.3d at 353).

Meachum tries to distinguish *Boren* by arguing that the Bank's predecessor actually obtained an order of foreclosure after initially accelerating the note, such that any future attempts to abandon the acceleration were ineffectual. This argument misapprehends the nature of a Rule 736 order, which is merely an order "allowing the foreclosure of a [certain kind of] lien." TEX. R. CIV. P. 736.1(a). It is "not a substitute for a judgment for judicial foreclosure." TEX. R. CIV. P. 735.3. Indeed, a Rule 736 order allowing a foreclosure to proceed "is without prejudice and has no res judicata, collateral estoppel, estoppel by judgment, or other effect in any other judicial proceeding." TEX. R. CIV. P. 736.9. Thus, a lender may abandon acceleration

No. 15-10237

even after receiving a non-judicial foreclosure order under Rule 736.[1]  *See Biedryck v. U.S. Bank Nat'l Ass'n*, No. 01-14-00017-CV, 2015 WL 2228447, at \*5 (Tex. App.—Houston [1st Dist.] May 12, 2015, no pet.) (describing Rule 736 as "merely provid[ing] a procedural device to obtain authorization to proceed with the remedy of foreclosure"); *see also Snowden v. Deutsche Bank Nat'l Tr. Co.*, No. H-14-2963, 2015 WL 5123436, at \*3 (S.D. Tex. Aug. 31, 2015) (citing *Biedryck*, 2015 WL 2228447, at \*5) (holding that a lender may abandon acceleration even after obtaining a Rule 736 order allowing foreclosure).  Under the rule established in *Boren*, the Bank did in fact abandon acceleration by requesting payment on less than the full amount of the loan.  *See* 2015 WL 6445721, at \*4.  Accordingly, the four-year statute of limitations did not bar the Bank's 2013 attempt to foreclose.

AFFIRMED.

---

[1] We express no opinion on the impact of a *judicial* foreclosure on a lender's ability to abandon a prior acceleration.