# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20609
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
April 6, 2017

Lyle W. Cayce
Clerk

LOURDES C. ALCALA; ROLAND ALCALA,

      Plaintiffs - Appellants

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Long Beach Mortgage Loan Trust 2006-5,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-3627

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

In April 2006, Plaintiffs–Appellants Lourdes and Roland Alcala executed a $216,000 Texas Home Equity Note to Long Beach Mortgage Company in connection with real property located in Cypress, Texas. The Note was secured by a Texas Home Equity Security Instrument (the Deed of Trust) granting Long Beach a lien on the Cypress property. On March 5, 2009, JPMorgan

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20609

Chase Bank, N.A., as successor in interest to Long Beach, assigned the Note and the Deed of Trust to Defendant–Appellee Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-5. On March 19, 2009, Deutsche filed an application for expedited foreclosure of the Note in state court, stating that the Alcalas had been in default on the Note since November 1, 2008. *See* Tex. R. Civ. P. 736. The application also stated that the Note had been accelerated (the 2009 acceleration); the Alcalas had been given notice of the acceleration; and "all unpaid principal, accrued interest and other charges allowed under the terms of the Note and the [Deed of Trust] are now due." The application was dismissed in 2010 for want of prosecution.

On September 11, 2012, Deutsche sent a notice of default to each of the Alcalas (the 2012 notice of default),[1] giving them a 35-day period to cure the default by paying $92,008.10 in past due payments on the Note, which was less than the full balance of the loan. The notice stated that if they failed to cure the default within that period, their loan would be accelerated; the entire loan balance, rather than just the past-due amount, would become due; and foreclosure proceedings would be initiated. Having received no payment, on January 8, 2013, Deutsche sent a notice of acceleration to the Alcalas. On March 4, 2015, Deutsche filed another application for foreclosure on the Cypress property in state court.

The Alcalas filed the instant suit on December 8, 2015, in state court, seeking, in relevant part, a declaratory judgment that Deutsche's foreclosure action was barred by the statute of limitations. Deutsche filed an answer denying all claims and asserting several affirmative defense, and then removed the case to federal court on the basis of diversity jurisdiction. After removal,

---

[1] By this time, the Alcalas had divorced. Pursuant to their divorce decree, Lourdes transferred, via quitclaim deed, her interest in the Cypress property to Roland.

No. 16-20609

Deutsche filed a counterclaim seeking authorization to foreclose on the Cypress property and a declaration of its right to do so. Deutsche then moved for summary judgment, arguing that foreclosure was not barred by any statute of limitations and that it was entitled to foreclose on the Cypress property. The district court granted summary judgment for Deutsche on the basis that its foreclosure action was timely and dismissed the Alcalas's claims with prejudice. It later issued a final judgment authorizing Deutsche to foreclose on the Cypress property. The Alcalas timely appealed.

We review a grant of summary judgment de novo, applying the same standard as the district court. *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rogers*, 755 F.3d at 350 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

On appeal, the Alcalas reurge their argument that Deutsche's foreclosure is barred by the statute of limitations because it was filed on March 4, 2015, more than four years after the 2009 acceleration. Under Texas law, an action for foreclosure of a real property lien must be brought within four years of when the cause of action accrues. Tex. Civ. Prac. & Rem. Code § 16.035(a). After the four-year limitation period expires, the real property lien becomes void and thus may no longer be foreclosed upon. *Id.* § 16.035(d). Where, as here, the note secured by the real property lien is payable in installments, "the four-year limitations period does not begin to run until the maturity date of the last . . . installment." *Id.* § 16.035(e). However, if the note contains an option to accelerate payment upon default, "the action accrues . . .

3

when the holder actually exercises its option to accelerate." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001).

To effectively accelerate payment of a note, the noteholder must provide (1) notice of intent to accelerate and (2) notice of acceleration. *Id.*; *see also Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 233 (Tex. 1982). After the requisite notice of intent is provided, notice of acceleration may take the form of the filing of an expedited application for foreclosure. *See, e.g.*, *Burney v. Citigroup Glob. Mkts. Realty Corp.*, 244 S.W.3d 900, 903–04 (Tex. App.—Dallas 2008, no pet.). But a noteholder may unilaterally abandon acceleration after its exercise "by requesting payment on less than the full amount of the loan." *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 105 (5th Cir. 2015) (quoting *Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 F. App'x 677, 680 (5th Cir. 2015) (per curiam)). "Abandonment of acceleration has the effect of restoring . . . the note's original maturity date," and thus resetting maturity of the last installment as the accrual date for the purpose of the statute of limitations. *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

The question on appeal is thus whether Deutsche effectively abandoned its 2009 acceleration by sending the 2012 notice of default, thereby resetting the four-year statute of limitations. Recently, in *Boren v. United States National Bank Association*, we addressed what was required for a lender to effectively unilaterally abandon an acceleration. In *Boren*, the lender, in pertinent part, sent the borrowers a notice of acceleration without taking further action and then, a year later, sent a notice of default informing the borrowers of the total past due amount on their loan and stating that failure to pay this amount, which was less than the full balance of the loan, would result in acceleration. 807 F.3d at 103–04, 106. We concluded that such conduct "unequivocally manifested an intent to abandon the previous

acceleration and provided the [borrowers] with an opportunity to avoid foreclosure if they cured their arrearage." *Id.* at 106. This abandonment reset the statute of limitations and the foreclosure claim did not accrue until the borrowers defaulted by failing to cure. *Id.*

Similarly, here Deutsche first accelerated the Note in 2009 by filing in state court an application for expedited foreclosure of the note. *See Burney*, 244 S.W.3d at 903–04 (permitting a notice of acceleration to take the form of the filing of an expedited application for foreclosure). On September 11, 2012, Deutsche sent a notice of default giving the Alcalas 35 days to cure by paying the past due amount on the Note and stating that failure to do so would result in the entire loan balance becoming due, the loan being accelerated, and foreclosure proceedings being initiated. Just like the notice in *Boren*, Deutsche's 2012 notice of default manifested an unequivocal intent to abandon its 2009 acceleration by indicating that the Alcalas could avoid foreclosure by paying within a given period the past due amount on the loan, which was less than the full balance on the loan. Accordingly, the 2012 notice of default effectively abandoned the 2009 acceleration and reset the statute of limitations on Deutsche's foreclosure cause of action.

The Alcalas claim that Deutsche could not unilaterally abandon the 2009 acceleration because they objected to abandonment. *See Boren*, 807 F.3d at 105 (stating that objection to abandonment by the borrower serves to prevent the lender from unilaterally abandoning its acceleration). But the only evidence that the Alcalas offer of their objection to abandonment is the instant suit, which was not filed until December 2015, long after Deutsche had abandoned its 2009 acceleration and initiated a new acceleration.[2] They offer

---

[2] The Alcalas argue "[a]lternatively" that there is "disputed evidence or insufficient evidence" to show that they did not object to abandonment, but fail to identify the evidence in dispute and do not offer any evidence showing they did object. Offering merely

no evidence that they objected to the 2012 notice of default, which served as notice of Deutsche's intent to abandon the 2009 acceleration. Nor do they cite any authority for the proposition that a suit brought years after the acceleration has been abandoned can constitute objection serving to prevent abandonment. Indeed, in the past, we have not treated the borrower's filing of a suit for declaratory judgment after the lender had already abandoned acceleration as such. *See Boren*, 807 F.3d at 103, 106; *Leonard*, 616 F. App'x at 678, 680. Accordingly, we reject the Alcalas's objection argument.

In sum, Deutsche's cause of action for foreclosure did not accrue until it sent the January 8, 2013 notice of acceleration and thus the foreclosure suit, filed March 4, 2015, is not time barred. The district court did not err in granting Deutsche summary judgment. The judgment of the district court is, therefore, AFFIRMED.

---

"conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence" such as this cannot thwart summary judgment. *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).