# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40332

United States Court of Appeals
Fifth Circuit

**FILED**

January 28, 2019

Lyle W. Cayce
Clerk

NATHALIE D. SIMS,

Plaintiff - Appellant

v.

ROUNDPOINT MORTGAGE SERVICING CORPORATION,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas

Before HIGGINBOTHAM, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

This case involves a mortgage-foreclosure dispute. Plaintiff-Appellant Nathalie Sims ("Sims") appeals the district court's grant of Defendant-Appellee RoundPoint Mortgage Servicing Corporation's ("RoundPoint") motion for summary judgment. Specifically, Sims challenges: (1) the district court's conclusion that Sims failed to show an issue of material fact in support of her claim for a declaratory judgment based on the statute of limitations under Texas Civil Practice and Remedies Code § 16.035(a); and (2) the district court's finding that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40332

Sims failed to present sufficient evidence in support of her Fair Debt Collection Practices Act (FDCPA) and Texas Debt Collection Practices Act (TDCA) claims against RoundPoint. For the reasons that follow, we AFFIRM.

**I**

On August 22, 2003, Sims executed a home equity loan promissory note (the "Note) to Jacksonville Savings Bank, S.S.B. ("Jacksonville Savings Bank"). Sims executed a Deed of Trust to Bill W. Taylor as Trustee for Jacksonville Savings Bank to secure the Note. The Note was in the amount of $60,000, payable in monthly installments of $438.56. The Deed of Trust encumbered the real property located at Route 2, P.O. Box 1079, Bullard, Texas 75757 (the "Property"), which is also Sims' homestead. There are no liens on the Property other than the one created by the Deed of Trust, now claimed by RoundPoint.

The Note and the Deed of Trust were made as a home equity loan (the "Loan") under Article XVI § 50(a)(6) of the Texas Constitution. Therefore, the Note is non-recourse as to Sims— she may not be held personally liable for the amount owed under the Note.

The holder of the Note and the Deed of Trust changed several times. In December 2003, Jacksonville Savings Bank was acquired by Franklin Bank, a state-chartered bank with its principal office in Houston, Texas. In November 2008, Franklin Bank was closed by the Texas Department of Savings and Mortgage Lending, and the Federal Deposit Insurance Corporation ("FDIC") was named receiver for the bank. Consequently, the FDIC began to administer all of the loans previously held by Franklin Bank, including Sims' loan. On August 1, 2010, the Note and Deed of Trust were assigned to Multibank 2010-1 SFR Venture, LLC, and shortly thereafter, RoundPoint acquired rights to become servicer of the Loan. On April 7, 2010, Sims received notice from RoundPoint informing her that RoundPoint was the servicer of the Loan, and that future

payments on the Note should be made to RoundPoint. Sims asserts she never received verification of ownership nor the proper payment documents from RoundPoint.

Sims contends that she never received an indication or notification regarding missed payments on the Note. Eventually, she was roughly seven months behind on payments. RoundPoint contacted Sims to discuss her delinquency, and she informed RoundPoint that she was unable to make payments because she was unemployed.

After some correspondence between Sims and RoundPoint regarding the accounting and verification of the amounts due on the Note, RoundPoint sent Sims a "Notice of Default and Intent to Accelerate" on August 12, 2010. RoundPoint accelerated the Note on October 26, 2011. RoundPoint applied for an order allowing foreclosure pursuant to Texas Rule of Civil Procedure 736 ("Rule 736"), in the 2nd Judicial District Court of Cherokee County, Texas on December 8, 2011. The state court granted the application by order on February 14, 2012, and foreclosure was set for April 3, 2012.

In response to the court order allowing foreclosure, Sims filed for Chapter 13 bankruptcy on March 27, 2012. During the bankruptcy proceedings, RoundPoint agreed that the claim on the Note was overstated and an order was entered in the case reducing the delinquency by $12,345.08. Sims was unable to maintain her bankruptcy plan, and on December 18, 2013, her bankruptcy was dismissed due to infeasibility.

Following the dismissal of the bankruptcy, Sims retained counsel in an attempt to send RoundPoint "Qualified Written Requests" ("QWR") pursuant to the Real Estate Settlement Procedures Act ("RESPA"). This started a process in which Sims would request information from RoundPoint, then RoundPoint would respond with information it determined to be compliant with

No. 18-40332

RESPA, and Sims would threaten to file suit if the purported QWR requests were not met.

On February 27, 2015, RoundPoint sent Sims notice of default and an intent to accelerate, seeking less than the total amount owed on the Note. The notice further informed Sims that the Note might have been reinstated if the past due amounts were paid. To date, no foreclosure on the Property has taken place.

On November 1, 2016, Sims sued RoundPoint in the 2nd Judicial District Court of Cherokee County, Texas, for alleged violations of RESPA, 12 U.S.C. § 2601, *et seq*. RoundPoint removed the case to federal court. Sims filed an amended complaint, seeking damages for violations of RESPA, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the Texas Debt Collection Practices Act, Tex. Fin. Code § 392.001, *et seq*. ("TDCA"). Sims also sought a declaration that the lien on the Property is void and unenforceable pursuant to Tex. Civ. Prac. & Rem. Code § 16.035, and a declaration of the amount due under the Note. After discovery, RoundPoint moved for summary judgment.

The Magistrate Judge issued a report and recommendation granting RoundPoint's motion. Sims did not file objections to the report and recommendation. Later, the district court entered an order adopting the report and recommendation and entered final judgment in RoundPoint's favor. This appeal followed.

On appeal, Sims argues the Magistrate Judge: (1) reached an incorrect conclusion that the statute of limitations had not run on RoundPoint's foreclosure claim, based on an improper application of the law regarding the acceleration and abandonment of foreclosure and an incorrect interpretation of detrimental reliance as it applies to acceleration and abandonment; (2) made an improper interpretation of Sims' objection to the abandonment and

4

No. 18-40332

acceleration; (3) did not give proper effect to the bankruptcy court's order determining claims; and (4) erred in finding that Sims did not present sufficient evidence to survive summary judgment on her FDCPA and TDCA claims. RoundPoint contends, *inter alia*, that Sims' statute of limitations claim fails because RoundPoint abandoned any prior acceleration when it sent Sims notice of default in February 2015, and Sims has not proffered evidence sufficient to raise an issue of fact on her remaining claims.

## II

We review a district court's grant of summary judgment *de novo. Boren v. U.S. Nat. Bank Ass'n*, 807 F.3d 99, 103–04 (5th Cir. 2015) (citing *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 635 (5th Cir. 2002)). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing summary judgment, we construe all facts and inferences in the light most favorable to the nonmoving party. *Boren*, 807 F.3d at 104 (citing *Canal Ins. Co. v. Coleman*, 625 F.3d 244, 247 (5th Cir. 2010)).

## III

### A

Under Texas law, a secured lender "must bring suit for . . . the foreclosure of a real property lien not later than four years after the day the cause of action accrues." Tex. Civ. Prac. and Rem. Code § 16.035(a). Where "a note or obligation [is] payable in installments [and] is secured by a real property lien, the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment." *EMC Mortg. Corp. v. Window Box Ass'n, Inc.*, 264 S.W.3d 331, 335 (Tex. App.—Waco 2008, no pet.). "If a note or deed of trust secured by real property contains an optional acceleration clause," however, the action accrues "when the holder actually exercises its option to

accelerate." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). To exercise the option, the holder must send "both a notice of intent to accelerate and a notice of acceleration." *EMC Mortg. Corp.*, 264 S.W.3d at 335–36. "Both notices must be 'clear and unequivocal.'" *Id.* at 336 (quoting *Wolf*, 44 S.W.3d at 566).

Acceleration of a note may be unilaterally abandoned "by requesting payment on less than the full amount of the loan." *Boren*, 807 F.3d at 106 (quoting *Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 F. App'x. 677, 680 (5th Cir. 2015) (per curiam)). "'Abandonment of acceleration has the effect of restoring . . . the note's original maturity date,' and thus resetting maturity of the last installment as the accrual date for the purpose of the statute of limitations." *Alcala v. Deutsche Bank Nat'l Tr. Co.*, 684 F. App'x 436, 439 (5th Cir. 2017) (quoting *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.)).

Since this court addressed the issue in *Boren v. U.S. National Bank Association,* we have consistently concluded that notice of the kind sent by Round-Point to Sims in February 2015 constitutes unilateral abandonment of acceleration, and thus, a reset of the statute of limitations under Texas law. 807 F.3d at 103–06; *see Sexton v. Deutsche Bank Nat'l Tr. Co.*, 731 F. App'x 302, 306–08 (5th Cir. 2018) (per curiam); *Hernandez v. Select Portfolio Servicing, Inc.*, 687 F. App'x 371, 373–74 (5th Cir. 2017) (per curiam); *Alvarado v. U.S. Bank Nat'l Ass'n*, 652 F. App'x 305, 307 (5th Cir. 2016); *Nunnery v. Ocwen Loan Servicing, L.L.C.*, 641 F. App'x 430, 433 (5th Cir. 2016) (per curiam). Further, Texas intermediate appellate courts have followed *Boren. See, e.g., Farmehr v. Deutsche Bank Nat'l Tr. Co.*, No. 05-17-00563-CV, 2018 WL 2749634, at *4 (Tex. App.—Dallas May 31, 2018, no pet.) (mem. op.); *Bracken v. Wells Fargo Bank, N.A.*, No. 05-16-01334-CV, 2018 WL 1026268, at *5 (Tex. App.—Dallas Feb. 23, 2018, no pet.), *reh'g denied* (Apr. 12, 2018), *review denied* (July 6,

No. 18-40332

2018); *NSL Prop. Holdings, LLC v. Nationstar Mortg., LLC*, No. 02-16-00397-CV, 2017 WL 3526354, at *5 (Tex. App.—Fort Worth Aug. 17, 2017, no pet.) (mem. op., not designated for publication), *review denied* (Jan. 5, 2018). The February 2015 notice contained the requisite components to serve as an abandonment of acceleration.

However, that does not end the inquiry. According to Texas intermediate appellate courts, the holder of a note may not unilaterally abandon acceleration if the borrower objects to abandonment or has detrimentally relied on the acceleration. *Boren*, 807 F.3d at 105 (citing several Texas appellate court decisions).

Sims argues that, even if the February 2015 notice was an abandonment of acceleration, RoundPoint could not effectively abandon because Sims detrimentally relied on the acceleration by filing the Chapter 13 bankruptcy petition, creating and confirming a Chapter 13 plan, and objecting to the claim filed by RoundPoint. Additionally, Sims contends that she objected to RoundPoint's February 2015 notice in letters dated August 14, 2015 and September 8, 2015, and by filing the present suit.

However, Sims has failed to establish that there was detrimental reliance in this case. In order to show evidence of detrimental reliance, a borrower must demonstrate that she materially changed her position in reliance on another party's promise or representation. *See Bitterroot Holdings, L.L.C. v. MTGLQ Inv'rs, L.P.*, 648 F. App'x 414, 418 (5th Cir. 2016) (per curiam).

Both parties correctly point out that, as acknowledged in *Callan v. Deutsche Bank Tr. Co. Americas*, merely filing for bankruptcy is not considered evidence of detrimental reliance under Texas law. 93 F. Supp. 3d 725, 738 (S.D. Tex. 2015). Sims is also correct that she did more than initiate the Chapter 13 plan. Similar to *Callan*, however, the facts of this case do not show that Sims detrimentally relied on the acceleration. Like Sims, the plaintiff in *Callan* was

7

also in default and subsequently completed a bankruptcy plan. Like Sims, the *Callan* plaintiff also lived in the home that was subject to foreclosure. Finally, just as in *Callan*, the defendant in this action would have to engage in additional foreclosure procedures, further extending Sims' beneficial use of the Property. This despite Sims receiving notice of her default as early as 2010.

Sims received a benefit, not a detriment, from the acceleration and the subsequent Chapter 13 bankruptcy filing. Like the *Callan* court, we conclude that there is no detrimental reliance under these circumstances.[1]

Furthermore, Sims has failed to offer evidence that she objected to the abandonment of acceleration. First, as the Magistrate Judge correctly noted, the August and September 2015 letters sent to RoundPoint do not state any objection to abandonment of the acceleration. The letters request information regarding the amount due and the ownership of the Note. Such letters sent six months after notice of abandonment are not objections. Second, Sims' assertion—that filing suit more than a year after notice of abandonment is sufficient evidence of her objection—lacks merit. We have routinely declined to treat a subsequent lawsuit for a declaratory judgment as an objection to

---

[1] Sims suggests that her bankruptcy filing should be considered an alternative method to finance the mortgage, and therefore, evidence of detrimental reliance. Courts have rejected the "alternate financing" argument. *See HSBC Bank USA, Nat'l Ass'n v. Erickson*, No. A-17-CV-00429-SS, 2018 WL 1128148, at *3 (W.D. Tex. Mar. 1, 2018) (rejecting assertion that financing to build a second home constituted detrimental reliance); *Nationstar Mortg., LLC v. Landers*, No. 12-17-00047-CV, 2018 WL 1737013, at *6 (Tex. App.—Tyler Apr. 11, 2018, no pet.) (rejecting contention that refinancing a second lien mortgage while in default constituted detrimental reliance). Further, this court has previously determined that failure to demonstrate any particular legal or financial consequences incurred as a result of the financing decision defeats the detrimental reliance argument. *Bitterroot*, 648 F. App'x at 419. Sims' Chapter 13 bankruptcy was dismissed without discharge, effectively returning Sims to the legal and financial position she was in *before* she filed her bankruptcy case—except for the benefit she received from preventing the foreclosure by filing bankruptcy. *See In re Oparaji*, 698 F.3d 231, 238 (5th Cir. 2012) (explaining that dismissal of a bankruptcy case restores the *status quo ante*). Sims has not provided case law or evidence to support her "alternative financing" detrimental reliance argument. Her argument lacks merit.

No. 18-40332

abandonment. *See, e.g.*, *Alcala*, 684 F. App'x at 440 (citing *Boren*, 807 F.3d at 103, 106) (declining to consider borrower's filing of a lawsuit against a lender as an objection). Based on the facts of this case, we once again decline to treat the filing of a lawsuit as an objection to abandonment.

Sims has not provided evidence of detrimental reliance on the acceleration, nor has she provided evidence of an objection to the notice of abandonment. The February 2015 notice of default was an abandonment of the prior acceleration. RoundPoint was entitled to summary judgment on the claim for declaratory judgment.

**B**

Sims also appeals the district court's grant of summary judgment on her FDCPA and TDCA claims.[2] She, however, has failed to present meritorious arguments in support of the claims.

Sims purports to challenge the grant of summary judgment on her FDCPA claim. Nevertheless, Sims merely mentions the FDCPA several times without providing any citation to the statute or providing specific arguments in support of the claim. Sims has waived any unraised issues with respect to her FDCPA claim.[3] *See Sama v. Hannigan*, 669 F.3d 585, 589 n.5 (5th Cir. 2012) (noting that issues not argued on appeal are waived).

Under Tex. Fin. Code. § 392.304(a)(8), a debt collector may not misrepresent "the character, extent, or amount of a consumer debt." A debt collector's statement misstating the amount due to a creditor can be actionable pursuant

---

[2] Sims has neither mentioned nor presented any argument to appeal the grant of summary judgment on her RESPA claim. Sims has waived any arguments with respect to that claim. *See Sama v. Hannigan*, 669 F.3d 585, 589 n.5 (5th Cir. 2012) (noting that issues not argued on appeal are waived). We affirm the grant of summary judgment on the RESPA claim.

[3] Sims also failed to present argument to support this claim in the district court. Sims abandoned argument with respect to her FDCPA claim. *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 445 (5th Cir. 2000) (arguments not raised are deemed abandoned).

to the TDCA. *See, e.g., Johnson v. Wells Fargo Bank, NA*, 999 F. Supp. 2d 919, 933 (N.D. Tex. 2014). During the Chapter 13 bankruptcy case, RoundPoint's pre-petition proof of claim was reduced by $12,345.08 via agreement. Sims argues that the Magistrate Judge erred in concluding that RoundPoint's failure to reduce the amount owed when attempting to collect on the Note was not a false or misleading statement.[4] Sims further argues that two letters sent by RoundPoint stated different default dates and different amounts due on the Note, and therefore, one of the letters must be false. Both arguments fail.

Regarding the bankruptcy order reducing RoundPoint's proof of claim, Sims' argument fails because the bankruptcy petition was dismissed. *See In re Oparaji*, 698 F.3d 231, 238 (5th Cir. 2012) (citation omitted) ("[W]hen a debtor fails to fulfill their [sic] end of the bargain because of the dismissal of their case, a resulting finding that their confirmed Chapter 13 plan is terminated serves to prevent a debtor from obtaining the benefit of those terms in a plan which are [sic] advantageous to the debtor."). The dismissal effectively returned the parties to their original position before the petition was filed. *Id.* To avert that conclusion, Sims invokes judicial estoppel by arguing that the district court failed to treat the order reducing RoundPoint's proof of claim as a final order with preclusive effect. Sims' argument is misplaced. Sims is correct that the bankruptcy order has preclusive effect in any subsequent *judicial* proceedings. *See Matter of Baudoin*, 981 F.2d 736, 739 (5th Cir. 1993) (citation omitted) ("An arrangement confirmed by a bankruptcy court has the effect of a judgment . . . . Any attempt by the parties to relitigate any of the matters that were raised *or could have been raised* therein is barred under the doctrine of *res judicata*."); *see also In re Mandel*, 641 F. App'x 400, 403 (5th Cir. 2016)

---

[4] Sims has not challenged other issues the Magistrate Judge addressed in the report and recommendation to grant summary judgment on the TDCA claim. Sims has waived argument regarding those issues.

(quoting *Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525, 529 (9th Cir.1998)) ("[T]he allowance or disallowance of 'a claim in bankruptcy is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata'".). Indeed, Round-Point could be precluded from taking a position inconsistent with the proof of claim order in a subsequent court proceeding. However, Sims has failed to provide case law or evidence that RoundPoint's subsequent failure to account for the proof of claim reduction order provides a basis for legal action pursuant to the TDCA.

Sims' contention that the two letters sent by RoundPoint provide sufficient evidentiary basis to advance a TDCA claim fails for two reasons. First, because Sims never argued that the two letters evidenced misleading statements in the district court, she waived any argument she may have had based on the letters. *See St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 445 (5th Cir. 2000) (arguments not raised are deemed abandoned). Second, the letters alone are not sufficient to survive summary judgment. Sims has offered no evidence that the letters were meant to provide the same information. *See Berry v. Fed. Nat. Mortg. Ass'n*, 609 F. App'x 784, 787 (5th Cir. 2015). In addition, she has not directed the court to an affirmative statement in the letters that is false or misleading. *Fields v. JP Morgan Chase Bank*, 638 F. App'x 310, 313 (5th Cir. 2016) (quoting *Verdin v. Fed. Nat'l Mortgage Ass'n*, 540 F. App'x 253, 257 (5th Cir. 2013)) ("To violate the TDCA using a misrepresentation, 'the debt collector must have made an affirmative statement that was false or misleading.'").

Sims failed to provide argument in support of her FDCPA claim and failed to provide sufficient evidence to support her TDCA claim.

No. 18-40332

## IV

For the reasons stated above, the district court's grant of summary judgment is AFFIRMED.