# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2022

Lyle W. Cayce
Clerk

No. 21-11270

Ejike Okpa,

*Plaintiff—Appellant*,

*versus*

Select Portfolio Servicing Incorporated; Bank of New York Mellon, As trustee, for the bear stearns asset backed securities trust 2002-1 asset-backed certificates, series 2002-1,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-cv-2162

Before Southwick, Oldham, and Wilson, *Circuit Judges*.
Per Curiam:[*]

This case originated in state court as a dispute between a homeowner and mortgage lenders. The lenders removed the case to federal court under

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-11270

28 U.S.C. § 1441(b). The district court granted summary judgment to the lenders. We affirm.

Ejike Okpa was the owner of a property in Dallas County, Texas. The property was encumbered by a mortgage assigned to Bank of New York Mellon ("BONY") and serviced by Select Portfolio Servicing, Inc. ("SPS"). Okpa defaulted, so the lender accelerated the loan on January 10, 2014. Under Texas law, the acceleration triggered a four-year limitations period to foreclose on the loan. *See* TEX. CIV. PRAC. & REM. CODE § 16.035; *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.2d 562, 567 (Tex. 2001). The lenders failed to foreclose by January 10, 2018, so Okpa argues that the mortgage must be declared void.

We disagree. Under Texas law,

> a lender may unilaterally abandon acceleration of a note, thereby restoring the note to its original condition . . . by sending notice to the borrower that the lender is no longer seeking to collect the full balance of the loan and will permit the borrower to cure its default by providing sufficient payment to bring the note current under its original terms.

*Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 105 (5th Cir. 2015). We have repeatedly held that a lender's request for less than the full amount of the loan is sufficient to show abandonment of an acceleration. *See, e.g.*, *Leonard v. Ocwen Loan Servicing, LLC*, 616 F. App'x 677, 680 (5th Cir. 2015) (per curiam); *Meachum v. Bank of N.Y. Mellon Tr. Co., Nat'l Ass'n*, 636 F. App'x 210 (5th Cir. 2016) (per curiam). And here, the undisputed summary-judgment evidence shows that the lenders repeatedly sent letters demanding less than the full loan amount after January 10, 2014.

Okpa's principal counterargument is that the lenders' various post-acceleration statements at least raise a genuine issue of material dispute of fact sufficient to preclude summary judgment. As we have previously held,

No. 21-11270

however, "where, as here, the surrounding facts are undisputed, abandonment is a question of law." *Sexton v. Deutsche Bank Nat'l Tr. Co.*, 731 F. App'x 302, 305–06 (5th Cir. 2018) (per curiam). And the material facts are undisputed because the lenders' statements demanded less than the full loan amount.

AFFIRMED.