# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2015

Lyle W. Cayce
Clerk

No. 14-20611
Summary Calendar

GARY L. LEONARD; SANG L. LEONARD,

Plaintiffs - Appellants

v.

OCWEN LOAN SERVICING, L.L.C.; DEUTSCHE BANK NATIONAL
TRUST COMPANY, as trustee for Morgan Stanley ABS Capital I Inc. Trust
2007-NC1 Mortgage Pass-through Certificates, Series 2007-NC1,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No.  4:13-CV-3019

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Gary and Sang Leonard appeal the district court's grant of summary judgment in favor of Appellees, Ocwen Loan Servicing L.L.C. ("Ocwen") and Deutsche Bank National Trust Company, as trustee for Morgan Stanley ABS Capital I Inc. Trust 2007-NC1 Mortgage Pass-through Certificates, Series 2007-NCI ("Deutsche Bank").  The issue on appeal is whether the district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20611

erred in its determination that 1) Texas law permits a lender to unilaterally abandon a notice of acceleration and 2) Appellees, by their conduct, effectively abandoned their prior acceleration. Finding no error, we affirm.

## I. BACKGROUND

In 2006, Gary and Sang Leonard obtained a mortgage on their home, executed a Promissory Note ("Note") requiring repayment in monthly installments, and executed a Security Instrument ("Security Instrument") giving the lender the right to foreclose upon the property in the event of default. The Security Instrument was assigned to Deutsche Bank. The Leonards defaulted on the mortgage by failing to make payment on October 1, 2008 or any time thereafter. In November 2008, the mortgage servicer, Saxon Mortgage Services, Inc. ("Saxon"), informed the Leonards of their default by sending a Notice of Default and Intent to Accelerate. Saxon subsequently sent them a Notice of Acceleration on March 27, 2009 (the "2009 Notice"), but it took no further steps toward foreclosure.

In April 2010, Saxon was succeeded by Ocwen Loan Servicing, LLC ("Ocwen") as servicer of the Note. Ocwen did not pursue Saxon's 2009 Letter of intent to accelerate. Instead, Ocwen sent the Leonards monthly account summaries indicating the Leonards' overdue balance and requesting past due payments. After several unsuccessful attempts to obtain payments from the Leonards, Ocwen sent them a notice of acceleration on September 8, 2010 (the "2010 Notice") and an application for an Order Permitting Foreclosure on September 29, 2010. The Leonards filed suit against Ocwen and Deutsche Bank seeking to prevent foreclosure.[1]

The Leonards filed for declaratory relief in Texas state court on September 13, 2013 seeking a declaratory judgment that Ocwen and Deutsche

---

[1] This suit was subsequently dismissed for failure to prosecute.

No. 14-20611

Bank (together "Appellees") were time-barred from foreclosing on their property. Central to the Leonards' argument was the determination that Ocwen and Deutsche Bank had not abandoned Saxon's acceleration and thus were required to seek foreclosure by March 27, 2013, four years after the 2009 Notice. Appellees removed the suit to the Southern District of Texas and filed a counterclaim for foreclosure on October 21, 2013. The parties cross-moved for summary judgment.

The district court denied the Leonards' motion and granted summary judgment for Appellees, finding that Ocwen abandoned the 2009 acceleration by its unilateral conduct and that the abandonment restored the note to its original maturity date, causing the limitations period for Saxon's 2009 Notice to cease to exist.[2] In addition, the district court ordered that Deutsche Bank could judicially foreclose on its home equity lien on the Leonards' property. The Leonards now appeal.

## II. DISCUSSION

A district court's grant of summary judgment is reviewed *de novo* on appeal. *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 635 (5th Cir. 2002). Summary judgment is proper when there is no genuine issue as to any material fact. *Haire v. Bd. of Supervisors of La. State Univ. Agric. & Mech. Coll.*, 719 F.3d 356, 362 (5th Cir. 2013). On appeal, the Leonards do not dispute the district court's finding that there are no genuine issues of material fact. Rather, they claim that the district court incorrectly applied Texas law when it found that the defendants had unilaterally abandoned the earlier notice of acceleration.

---

[2] As noted in the district court's opinion, there have been multiple suits between these parties. Here, the only issue decided by the district court was whether Ocwen's attempt to foreclose on the Leonards' property was within the applicable statute of limitations, and therefore proper.

No. 14-20611

Texas law requires that a party bring suit for "the foreclosure of a real property lien not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.035(a). If acceleration is abandoned before the limitations period expires, the note's original maturity date is restored and the noteholder is no longer required to foreclose within four years from the date of acceleration. *Khan v. GBAK Properties, Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *Clawson v. GMAC Mortg., LLC*, 2013 WL 1948128, at *2 (S.D. Tex. May 9, 2013) (Costa, J.). "[P]arties can abandon acceleration and restore the contract to its original terms by the parties' agreement or actions." *Khan*, 371 S.W.3d at 356 (*citing San Antonio Real-Estate, Bldg. & Loan Ass'n v. Stewart*, 61 S.W. 386, 388 (Tex. 1901)).

The fundamental disagreement between the parties revolves around whether the actions of Ocwen, the current loan servicer for Deutsche Bank, were sufficient to abandon Saxon's 2009 Notice of acceleration.

The Leonards argue that Ocwen and Deutsche Bank's counterclaim for foreclosure on October 21, 2013 was time-barred because the applicable four-year statute of limitation period ended on March 27, 2013, four years after Saxon's 2009 Notice. They contend that Ocwen never abandoned the 2009 Notice, and thus Appellees were barred from foreclosing on their home after March 27, 2013, four years from the Leonards' receipt of the 2009 Notice. Conversely, Appellees argue that Ocwen did, in fact, abandon Saxon's 2009 Notice when it sent the Leonards account statements in 2010 indicating that the Leonards' overdue balance consisted of their missed payment amounts, rather than the entire balance of the loan. Before Ocwen sent the Leonards its 2010 Notice, it sent a letter on August 4, 2010 that notified the Leonards of their default and expressed Ocwen's intent to accelerate. The August 4, 2010 letter expressly stated that the Leonards could avoid acceleration of the

4

No. 14-20611

maturity of their debt by submitting payment of the past due sums. Ocwen asserts that these acts were sufficient to express its abandonment of Saxon's 2009 acceleration.

The Leonards assert that it was error for the district court to grant summary judgment to Appellees because Texas law does not permit a lender to unilaterally abandon acceleration by conduct. We agree with the district court's contrary conclusion.

The Leonards cite to two district court cases for the proposition that a lender cannot unilaterally abandon acceleration. During the pendency of this appeal, both cases have been subsequently reconsidered by the district courts. The first case, *Murphy v. HSBC Bank USA*, 2014 WL 1653081 (S.D. Tex. April 23, 2014), was vacated by the district court after reconsideration. *Murphy v. HSBC Bank USA*, --F. Supp.3d--, 2015 WL 1392789 (S.D. Tex. Mar. 25, 2015). The *Murphy* court concluded that "it erred in determining that any [abandonment] actions had to be joint." 2015 WL 1392789 at *11 (S.D. Tex. March 25, 2015). The court further explained that "[t]here is authority clearly establishing that the lender's or loan servicer's action constituting abandonment of acceleration can be unilateral." *Id.* (citing *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562 (Tex. 2001)).

The second case the Leonards rely upon is *Callan v. Deutsche Bank Trust Co. Americas*, 11 F. Supp.3d 761 (S.D. Tex. 2014). In *Callan*, the district court held that Deutsche Bank's "eleventh-hour rescission" of acceleration was ineffective due to Callan's detrimental reliance on the acceleration. 11 F. Supp.3d at 770. However, the district court later amended its judgment and held that, contrary to its earlier opinion, "Deutsche was entitled to rescind, and its [foreclosure application] . . . was not time-barred." *Callan v. Deutsche Bank Truste Co. Americas*, 2015 WL 1296330 at *11 (S.D. Tex. March 21, 2015). In

5

light of these recent decisions, the Leonards' reliance on *Murphy* and *Callan* is misplaced.

Because these cases demonstrate that a lender can unilaterally abandon an acceleration, the issue now becomes whether Ocwen's actions constituted abandonment of the 2009 acceleration. The Leonards argue that Appellees' actions were insufficient to constitute abandonment of the 2009 Notice of acceleration. In particular, they contest the district court's conclusion that Ocwen, by sending the Leonards account statements, put the Leonards on notice that Deutsche Bank and Saxon were no longer seeking to collect the full balance of the Note. The Leonards label the district court's determination "ludicrous" and assert that "it is a stretch, a tortured stretch to say that it complies with Texas law." Beyond these comments however, the Leonards present no argument or authority to support their proposition that a lender does not put the debtor on notice of its abandonment of acceleration by requesting payment on less than the full amount of the loan.

Finally, the Leonards claim the district court erred in finding that Appellees were entitled to equitable subrogation. Specifically, they argue that because the statute of limitations expired on March 27, 2013, Ocwen lost its ability to seek foreclosure and Deutsche Bank became precluded from seeking monetary judgment against the Leonards for any aspect of the loan. This argument is premised on the assumption that Ocwen did not abandon acceleration of the 2009 Notice. Because Ocwen's actions were sufficient to constitute abandonment of the 2009 Notice, however, this argument fails.

The Leonards have provided us with no reason to disagree with the district court's conclusion that Ocwen unilaterally abandoned Saxon's 2009 Notice by sending the Leonards account statements indicating the past due balance and by giving the Leonards the option to cure their default by paying

No. 14-20611

the past due balance in August 2010. The district court did not err. The judgment is AFFIRMED.