# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-51017
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 20, 2016

Lyle W. Cayce
Clerk

ISMAEL ALVARADO,

      Plaintiff - Appellant

v.

U.S. BANK NATIONAL ASSOCIATION, as trustee for structured asset securities corporation mortgage pass-through certificates, series 2006-BCI,

      Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

    Ismael Alvarado took out a home equity loan, experienced economic hardship, and defaulted on his loan. The bank sold Alvarado's home in a foreclosure sale; Alvarado sued in Texas state court, claiming the sale was invalid. The bank removed the case to federal court, and the district judge entered summary judgment for the bank. Alvarado appeals.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51017

## I. Background

In 2005, Ismael Alvarado took out a $135,200 home equity loan on his home, securing the note with a deed of trust. In late 2006, Alvarado admittedly fell behind on his loan payments. He entered into a loan modification program, making sporadic loan payments from September 2007 through April 2008. In September 2008, U.S. Bank—the lender—sent Alvarado a notice of default and intent to accelerate his note; Alvarado received a notice of acceleration the next month. One year later, in September 2009, Wells Fargo—the mortgage servicer—notified Alvarado that he was eligible for a home loan modification program. To accept the offer, Alvarado had to make three monthly payments and submit the required documentation; he did so. In May 2010, Alvarado received a mortgage statement indicating that the total amount due was $42,671.58—less than the total amount Alvarado owed under the accelerated note. In June 2010, Wells Fargo told Alvarado that he had been accepted into the loan modification program. Alvarado signed and returned the agreement. There was a problem with his application, however, and he had to sign and submit a second application, only to be told to start the loss mitigation process anew. Alvarado failed to make the required payments. In fact, his last payment was applied to his July 2008 obligation. U.S. Bank notified Alvarado of his default in late 2012, and notified him in July 2013 that his loan had been accelerated. U.S. Bank again notified Alvarado that his loan had been accelerated in December 2013. Alvarado's property was sold at a foreclosure sale in 2014.

Alvarado sued U.S. Bank in Texas state court claiming wrongful foreclosure. Specifically, Alvarado claimed that U.S. Bank foreclosed on his property outside of Texas's four-year statute of limitations under §16.035 of the Texas Civil Practices and Remedies Code. U.S. Bank removed the case to federal court, and both parties moved for summary judgment. The district

No. 15-51017

court granted U.S. Bank's motion for summary judgment and dismissed all of Alvarado's claims with prejudice. Alvarado timely appealed. After reviewing the briefs, record, and applicable case law, we AFFIRM.

## II. Analysis

### A.

We review de novo a district court's grant of summary judgment, construing "all facts and inferences in the light most favorable to the nonmoving party." *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 103–04 (5th Cir. 2015). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### B.

This is the most recent in a line of cases asking us to apply Texas's four-year statute of limitations in foreclosure proceedings. Under Texas law, "[a] person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code. Ann. § 16.035(a). After four years, "the real property lien and a power of sale to enforce the real property lien become void." *Id.* § 16.035(d). If, as here, the note or deed of trust contains an acceleration clause, the statute of limitations begins to run "when the holder actually exercises its option to accelerate." *Boren*, 807 F.3d at 104 (quoting *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001)). Acceleration can be abandoned "by agreement or other action of the parties [, . . .] restoring the contract to its original condition." *Khan v. GBAK Props.*, 371 S.W.3d 347, 353 (Tex. App.–Houston [1st Dist.] 2012, no pet.).

No. 15-51017

Here, U.S. Bank argues—and the district court held—that it unilaterally abandoned its 2008 acceleration by (1) providing Alvarado a monthly mortgage statement in 2010 showing an amount due that was less than the total accelerated sum on the note; (2) sending Alvarado a new notice of default in 2012, again showing that the amount needed to cure the default was less than the total accelerated of the note; and (3) sending Alvarado a final notice in 2013 that his loan was accelerated and that all sums were due and payable. The district court was correct:  "[a] lender waives its earlier acceleration when it 'put[s] the debtor on notice of its abandonment . . . by requesting payment on less than the full amount of the loan.'" *Boren*, 807 F.3d at 106 (second alteration in original) (quoting *Leonard*, 616 F. App'x. at 680). Although the district court cited *Leonard* for its holding, and even though *Boren* was published three months before Alvarado submitted his brief to this court, Alvarado failed to address—much less attempt to distinguish—these cases. The 2014 foreclosure sale of Alvarado's property was not barred by Texas's statute of limitations.

Because U.S. Bank sent Alvarado "account statements listing less than the full accelerated debt, as well as notices of default and acceleration, after the October 2008 acceleration," the district court did not err in granting summary judgment for U.S. Bank.[1]

---

[1] Because we resolve this case on our straightforward *Boren* precedent, we do not reach the additional or alternate reasons presented by the district court for granting summary judgment for U.S. Bank, that (1) by accepting payments from Alvarado after the 2008 acceleration as part of his home loan modification plan, U.S. Bank abandoned its previous acceleration, *see Rivera v. Bank of Am., N.A.*, 607 F. App'x 358, 361 (5th Cir. 2015) (unpublished); and (2) Alvarado's entering into a loan modification program with U.S. Bank in 2010 constituted abandonment of acceleration. We also do not address Alvarado's claim that the 2010 mortgage statement U.S. Bank sent him constituted impermissible "dual tracking," for two reasons. First, Alvarado's factual claim that he made loan payments from September 2009 through June 2010 is contradicted by the record (Alvarado himself and a Wells Fargo representative both testified that Alvarado only made three payments, the last in December 2009). Second, Alvarado cited no case law or authority in support of his claim. *See* Fed. R. App. P. 28.

No. 15-51017

## III. Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.