# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

──────────

No. 17-11151
Summary Calendar

──────────

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2018

Lyle W. Cayce
Clerk

ROBERT DEFRANCESCHI,

                          Plaintiff–Appellant,

versus

SETERUS, INCORPORATED;
FEDERAL NATIONAL MORTGAGE ASSOCIATION, (Fannie Mae), a
Corporation Organized and Existing Under the Laws of the United States of
America, 14421 Dallas Parkway, Suite 1000, Dallas, Texas 75254,

                          Defendants–Appellees.

──────────

Appeal from the United States District Court
for the Northern District of Texas
No. 4:15-CV-870

──────────

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:*

    Robert DeFranceschi defaulted on his mortgage in July 2009.  American

────────────

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

No. 17-11151

Home Mortgage Servicing, Inc. ("AHMSI")—then the holder—sent a notice of default and acceleration. To stave off foreclosure, DeFranceschi signed a loan modification agreement in June 2010, then defaulted on the modified loan. In October 2010, AHMSI sent him another notice of default and intent to accelerate. We must now decide whether AHMSI abandoned its 2009 acceleration. The district court granted Seterus, Inc., and Federal National Mortgage Association ("Fannie Mae") summary judgment, reasoning that AHMSI had abandoned its 2009 acceleration by the loan modification agreement. Because the October 2010 notice of default and intent to accelerate plainly constitutes abandonment under our precedent, we affirm.

I.

In March 2007, DeFranceschi purchased the property and executed a note payable to American Brokers Conduit ("ABC"), secured by a deed of trust that was assigned to AHMSI in June 2009 and later to Fannie Mae. In May 2015, Seterus became the loan servicer agent for Fannie Mae.

In July 2009, AHMSI provided DeFranceschi with a notice of default and intent to accelerate; shortly thereafter, AHMSI sent DeFranceschi a notice of acceleration. DeFranceschi sought loss-mitigation options. In January 2010, AHMSI offered him a forbearance agreement that explicitly did not abandon the July 2009 acceleration. AHMSI then offered DeFranceschi a loan-modification agreement, which DeFranceschi signed in June 2010, that capitalized over $98,000 in arrearages and established a new unpaid balance of $506,109.59. DeFranceschi claimed, in deposition testimony, that he made payments in August and September 2010 under the new agreement. In fact, he made only one such payment.

Accordingly, in October 2010, DeFranceschi received another notice of default and intent to accelerate. The notice demanded $12,493.33 and stated,

2

No. 17-11151

"[i]f you do not pay the full amount . . . our client shall accelerate" the entire loan. Later, in July 2014, another mortgage servicer—Ocwen Loan Servicing LLC—sent DeFranceschi a monthly statement that listed the amount due as $191,812.71 and the remaining principal as $499,601.36.

## II.

DeFranceschi sued in November 2015, seeking declaratory and injunctive relief to prevent foreclosure. According to DeFranceschi, the right to foreclose is barred by the applicable four-year statute of limitations, not counting the twenty-two months in which he was in bankruptcy. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(a)–(b). Defendants removed to federal court and moved for summary judgment, contending that foreclosure was not barred by limitations because their predecessors had abandoned the acceleration. The district court entered summary judgment, from which DeFranceschi appeals.

## III.

"A sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(b). "If a series of notes or obligations or a note or obligation payable in installments is secured by a real property lien, the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment." *Id.* § 16.035(e). If the note or deed of trust "contains an optional acceleration clause," the limitations period begins to run "when the holder actually exercises its option to accelerate." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). Both parties agree that AMHSI accelerated DeFranceschi's loan on July 13, 2009, and that, if calculated from that date, limitations has expired.

3

No. 17-11151

A holder, however, may abandon the acceleration. *See id.* at 566–67; *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015). "'Abandonment of acceleration has the effect of restoring the contract to its original condition,' thereby 'restoring the note's original maturity date' for purposes of accrual." *Boren*, 807 F. 3d at 104 (quoting *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.)). The acceleration can be abandoned either by agreement or unilaterally by the holder, "so long[] as the borrower neither objects to abandonment nor has detrimentally relied on the acceleration." *Id.* at 104–05.

"Texas courts have framed the issue of abandonment of acceleration by reference to traditional principles of waiver." *Id.* at 105. Those elements include "(1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right." *Id.* "Waiver . . . can occur either expressly, through a clear repudiation of the right, or impliedly, through conduct inconsistent with a claim to the right." *Id.* at 106 (quoting *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511 (Tex. 2015)). A plain example of waiver is where the lender "put[s] the debtor on notice of its abandonment . . . by requesting payment on less than the full amount of the loan." *Id.* (quoting *Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 F. App'x 677, 680 (5th Cir. 2015) (per curiam)).

The district court rightly found that the first two elements of waiver are not in dispute. AHMSI accelerated in 2009 and had knowledge of its rights. Moreover, in October 2010, AHMSI sent DeFranceschi a notice of default, requesting payment of $12,493.33—far less than the approximately $500,000 remaining under the modified loan. AHMSI expressly stated that the $12,493.33 was "necessary to cure the default" and that it would accelerate the

4

loan unless payment was made.  That is precisely the kind of action which *Boren* recognized as abandonment.  *Id.* at 106.  The October 2010 notice "unequivocally manifested an intent to abandon the previous acceleration and provided [DeFranceschi] with an opportunity to avoid foreclosure if [he] cured [his] arrearage."  *Id.*  "As a result, the statute of limitations period under § 16.035(a) ceased to run at that point and a new limitations period did not begin to accrue until" DeFranceschi defaulted again and AHMSI accelerated.  *Id.*  Therefore, defendants were entitled to summary judgment insofar as the statute of limitations had not run.

DeFranceschi also raises several contentions relating to the validity of the July 2010 Loan Modification and whether that agreement constitutes abandonment.  We need not address that issue, however, given that the October 2010 notice is precisely the kind of notice which *Boren* held to manifest abandonment.

AFFIRMED.