# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50707
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 19, 2019

Lyle W. Cayce
Clerk

JOHN MARSH; INGRID MARSH,

   Plaintiffs-Appellants,

v.

U.S. BANK, N.A., as Successor Trustee to LaSalle Bank National Association on Behalf of the Holders of Bear Stearns Asset Backed Securities I Trust 2005-HE12, Asset Backed Certificates Series 2005-HE1; DEBORAH MARTIN,

   Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CV-847

Before JONES, WILLETT, and OLDHAM, Circuit Judges.

PER CURIAM:*

   U.S. Bank foreclosed on the Marshes' property.  The Marshes argue it did so after the expiration of the limitations period for the bank's lien.  The magistrate judge issued two cogent, thorough, and well-reasoned reports and recommended granting summary judgment to U.S. Bank.  The district court agreed and so do we.  We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50707

We review a district court's decision to grant summary judgment *de novo*. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 252 (5th Cir. 2013). Summary judgment is proper whenever the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In this diversity case, Texas law controls the limitations issue. Under Texas law, "a lienholder must foreclose on, and sell, encumbered property no later than four years after the claim accrues." *Sexton v. Deutsche Bank Natl Tr. Co.*, 731 F. App'x 302, 305 (5th Cir. 2018) (per curiam) (citing TEX. CIV. PRAC. & REM. CODE § 16.035(b)). As relevant here, a claim accrues "when the lienholder exercises its option to accelerate [the loan]." *Id.*; *see Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001) (explaining the claim accrues "when the holder actually exercises its option to accelerate"). If a lienholder accelerates the loan and the four-year limitations period expires, "the real property lien and a power of sale to enforce the real property lien become void." TEX. CIV. PRAC. & REM. CODE § 16.035(d).

But a lienholder can unilaterally abandon its acceleration before the statute of limitations expires. *See, e.g.*, *DeFranceschi v. Seterus, Inc.*, 731 F. App'x 309, 311 (5th Cir. 2018); *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 105 (5th Cir. 2015); *Wolf* 44 S.W.3d at 566–57. And abandonment of acceleration restores the loan's original maturity date, which means "the noteholder is no longer required to foreclose within four years from the date of acceleration." *Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 F. App'x 677, 679 (5th Cir. 2015) (per curiam).

To determine whether a noteholder abandoned its acceleration, Texas courts refer "to traditional principles of waiver." *DeFranceschi*, 731 F. App'x at 311. "A plain example of waiver is where the lender put[s] the debtor on

2

No. 18-50707

notice of its abandonment . . . by requesting payment on less than the full amount of the loan." *Id.* (alterations in original) (quotation omitted).

U.S. Bank abandoned any prior acceleration here. The Marshes contend they received a "Notice of Acceleration" on May 10, 2012. Then on May 26, 2015, U.S. Bank sent a "Default Notice" to the Marshes. It requested payment of past due amounts to cure the default; it did not demand repayment of the full amount due on the loan. Because the 2015 Default Notice "unequivocally manifested an intent to abandon the previous acceleration and provided the [Marshes] with an opportunity to avoid foreclosure if they cured their arrearage," U.S. Bank abandoned the 2012 acceleration. *Boren*, 807 F.3d at 106; *see also DeFranceschi*, 731 F. App'x at 311–12. As a result of this abandonment, "the statute of limitations period under § 16.035(a) ceased to run." *Boren*, 807 F.3d at 106.

U.S. Bank triggered a new statute of limitations period when it sent a new "Notice of Acceleration" on February 27, 2017. *See id.* The foreclosure sale occurred that same year, well within § 16.035's four-year limitations period. Accordingly, U.S. Bank's lien was still valid at the time of the foreclosure sale.

AFFIRMED.