# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2022

Lyle W. Cayce
Clerk

No. 21-10766
Summary Calendar

BANK OF NEW YORK MELLON TRUST COMPANY NATIONAL
ASSOCIATION, AS SUCCESSOR TO JPMORGAN CHASE BANK, AS
TRUSTEE FOR RESIDENTIAL ASSET SECURITIES CORPORATION,
HOME EQUITY MORTGAGE ASSET-BACKED PASS THROUGH
CERTIFICATES SERIES, 2004-KS8H, FORMERLY KNOWN AS THE
BANK OF NEW YORK TRUST COMPANY, N.A.,

*Plaintiff—Appellee*,

*versus*

H. WAYNE MEACHUM,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CV-2250

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

---

*\* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.*

Defendant-Appellant filed this pro se appeal of the district court's judgment ordering judicial foreclosure of his property. We AFFIRM.

## I.  BACKGROUND

On July 13, 2004, H. Wayne Meachum obtained a mortgage on his home and executed a Texas Home Equity Note (the "Note") requiring repayment in monthly installments and a Texas Home Equity Security Instrument (the "Security Instrument" and collectively with the Note, the "Loan") giving the lender the right to foreclose upon the property if Meachum defaulted. Plaintiff-Appellee Bank of New York Mellon[1] ("BNYM") is the current beneficiary of the Security Instrument and legal owner and holder of the Note.

Meachum failed to make the October 1, 2005, payment on the Note and all subsequent payments. On July 15, 2020, BNYM sent Meachum the most recent notice of default and intent to accelerate informing him that his debt would be accelerated if he did not cure the default within thirty days. Meachum paid nothing after this notice of default. Under 12 C.F.R. § 1026.41(a)(2), a loan servicer is required to provide a borrower periodic statements for each billing cycle. In accordance with that section, BNYM sent Meachum a monthly mortgage statement dated July 16, 2020, showing the payment amount required to bring the account current, which was less than the full amount that would be due when the loan was accelerated. The mortgage statement also displayed the accelerated amount, informed Meachum that his loan had been referred to an attorney to start foreclosure

---

[1] Plaintiff-Appellee's full name is The Bank of New York Mellon Trust Company National Association fka The Bank of New York Trust Company, N.A., as Successor to JPMorgan Chase Bank, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass Through Certificate Series, 2004-KS8.

proceedings, and stated that "the first notice or filing required by applicable law for the foreclosure process ha[d] been made."

On August 17, 2020, BNYM sent Meachum a notice of acceleration of loan maturity informing him that the full balance of the Note had been accelerated. On the same day, BNYM sent Meachum a monthly mortgage statement showing a reinstatement amount that was less than the accelerated amount displayed and providing the same information regarding foreclosure proceedings described above. Meachum remains in default to date with a balance owed of $794,299.53 as of January 21, 2021.

On August 18, 2020, BNYM filed this action for judicial foreclosure against Meachum. On February 1, 2021, BNYM filed a motion for summary judgment, arguing that Meachum defaulted on the Loan and that it was entitled to proceed with judicial foreclosure. Meachum responded that BNYM had failed to satisfy the conditions precedent to acceleration and foreclosure because it had unilaterally rescinded its notice of acceleration by sending the subsequent monthly mortgage statements. The magistrate judge recommended granting BNYM's motion for summary judgment. After conducting its own de novo review of the magistrate judge's report, the district court adopted the magistrate judge's conclusions. The district court granted BNYM's motion for summary judgment and ordered judicial foreclosure. This appeal followed.

The issues on appeal relate to whether BNYM abandoned acceleration of the Loan by sending Meachum monthly mortgage statements requesting a reinstatement amount that was less than the accelerated amount.

## II.   STANDARD OF REVIEW

"We review a district court's grant of summary judgment de novo, applying the same standards as the district court." *Hagen v. Aetna Ins. Co.*, 808 F.3d 1022, 1026 (5th Cir. 2015).   Summary judgment is appropriate if the record evidence shows "that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Robinson v. Orient Marine Co.*, 505 F.3d 364, 366 (5th Cir. 2007).

## III.    Discussion

As a preliminary matter, we address Meachum's argument that in a previous case identical to this one, BNYM argued that a notice of intent to accept less than the full amount of the loan was a rescission of a previous notice of acceleration. He contends that in the instant case, BNYM advances the exact opposite position and is judicially estopped from doing so. BNYM responds that Meachum waived his judicial estoppel argument because he did not raise it in the district court. We agree.

This court has held that "[a]n argument not raised before the district court cannot be asserted for the first time on appeal." *XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd.*, 513 F.3d 146, 153 (5th Cir. 2008). Moreover, because estoppel is an affirmative defense, Meachum was required to assert it in his responsive pleading or answer, *see* Fed. R. Civ. P. 8(c)(1), yet he failed to do so. Accordingly, we hold that Meachum waived his judicial estoppel argument. *U.S. for Use of Am. Bank v. C.I.T. Constr. Inc. of Tex.*, 944 F.2d 253, 258 (5th Cir. 1991) (holding that the bank's failure to raise the doctrine of judicial estoppel before the district court resulted in waiver of the issue on appeal).

Turning to the merits, we address Meachum's argument that BNYM abandoned acceleration of the Loan by sending him monthly mortgage statements on July 16, 2020, and August 17, 2020.

Texas law requires a lender to provide notice of intent to accelerate and notice that the debt has been accelerated prior to proceeding with foreclosure. *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 234 (Tex. 1982). This court has held that even if a lender accelerates a note, the lender can unilaterally abandon an acceleration. *See Boren v. U.S. Nat'l Bank Ass'n*, 807

F.3d 99, 105–06 (5th Cir. 2015); *Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 F. App'x 677, 680 (5th Cir. 2015). When framing the issue of abandonment of acceleration, Texas courts refer to traditional principles of waiver. *Boren*, 807 F.3d at 105. "Waiver is the intentional relinquishment of a right actually known, or intentional conduct inconsistent with claiming that right." *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008). A party can waive a right "either expressly, through a clear repudiation of the right, or impliedly, through conduct inconsistent with a claim to the right." *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511 (Tex. 2015). "Waiver by implication only occurs when conclusive evidence shows the party unequivocally manifests its intention to no longer assert its right." *Colbert v. Wells Fargo Bank, N.A.*, 850 F. App'x 870, 875 (5th Cir. 2021) (quoting *Verdin v. Fed. Nat'l Mortg. Ass'n*, 540 F. App'x 253, 256 (5th Cir. 2013)).

This court held in *Colbert* that a monthly statement requesting payment for less than the full amount of the loan did not, by itself, evidence a clear intent to abandon acceleration. *Id.* at 875. There, Wells Fargo sent the plaintiffs a notice of acceleration and sent them a monthly statement five days later requesting payment of a lesser amount. *Id.* This court rejected the plaintiffs' argument that Wells Fargo abandoned its right of acceleration by sending the monthly statement. *Id.*

We similarly reject Meachum's argument here. As the magistrate judge observed, the monthly statements BNYM sent to Meachum stated, "your loan has been referred to an attorney to start foreclosure proceedings" and included the total payment amount required to bring the account current, as required under 12 C.F.R. § 1026.41(d)(8)(vi). The statements also displayed the accelerated amount and stated, "The first notice or filing required by applicable law for the foreclosure process has been made." These

No. 21-10766

statements demonstrated that BNYM was still proceeding with acceleration and foreclosure.

We agree with the district court's conclusion that BNYM did not "unequivocally manifest" that it no longer intended to accelerate the Loan. Accordingly, we affirm the district court's holding that BNYM did not abandon acceleration and hold that the district court properly ordered foreclosure.

## IV.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment.